FILED 18 JUL '25 14:44 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

---

ANTOINE GRISSON,

Plaintiff, 222 SW Pine St #502
Portland, OR 97204
971-331-0320

v.

CENTRAL CITY CONCERN,

JANE DOE, in her individual and official capacity,

JOHN DOE, in his individual capacity,

and other unknown employees,

Defendants.

Case No. 3:25-CV-1279-AN

COMPLAINT FOR DAMAGES

(42 U.S.C. § 1983, 18 U.S.C. § 1962 (Civil RICO), Battery, Negligence, IIED, Oregon Tort Law Violations)

JURY TRIAL DEMANDED

---

I. INTRODUCTION

This is a civil rights and tort action brought by Plaintiff Antoine Grisson against Central City Concern ("CCC"), a nonprofit operating in Portland, Oregon, for acts including the drugging and sexual assault of Plaintiff by CCC staff and their associates, threats of gun violence, retaliatory eviction, and interference with housing stability. These actions, committed under color of state authority and/or within the scope of employment, violated Plaintiff's civil and constitutional rights and Oregon state law.

---

II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), § 1343(a)(3) (civil rights), and § 1367 (supplemental jurisdiction over state law claims).

2. Plaintiff also brings claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.

3. Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Portland, Oregon.

---

III. PARTIES

4. Plaintiff Antoine Grisson is a resident of Portland, Oregon.

5. Defendant Central City Concern (CCC) is a nonprofit housing and social services provider operating in the state of Oregon and receiving public funds.

6. Jane Doe, a CCC staff member, acted under color of state law and within the scope of her employment when she drugged Plaintiff and facilitated a sexual assault by a third party.

7. John Doe, an unknown male individual, sexually assaulted Plaintiff while Plaintiff was incapacitated.

8. Other unknown CCC staff members retaliated against Plaintiff and threatened him with a firearm.

---

IV. FACTUAL ALLEGATIONS

9. On or around Valentine's Day 2025, Plaintiff was drugged by CCC staff member Jane Doe, who then took him to a bar.

10. Plaintiff lost consciousness and has no memory after being taken to the bar.

11. Plaintiff later learned from CCC clients and staff that Jane Doe had told others she drugged Plaintiff, and her associate (John Doe) sexually assaulted him while incapacitated.

12. Plaintiff filed a formal grievance reporting the drugging and assault to CCC's internal complaint process.

13. CCC did not respond to the grievance.

14. Instead, CCC issued a 60-day exit notice, effectively evicting Plaintiff from supportive housing.

15. Despite Plaintiff obtaining an apartment with CCC's assistance, CCC sent a letter to the new landlord promising to pay rent, but later refused to pay, resulting in loss of stability.

16. After Plaintiff continued filing grievances, staff approached him asking, "Are you going to drop dirty?", implying drug retaliation and testing threats.

17. One CCC staff member threatened Plaintiff with a firearm, stating he needed to "watch himself."

18. Plaintiff was later falsely accused of threatening Jane Doe, which CCC used as justification for eviction and retaliation.

19. CCC's conduct represents a pattern of misconduct, retaliation, obstruction, and deliberate indifference to Plaintiff's rights.

---

V. CLAIMS FOR RELIEF

Claim 1: Civil RICO (18 U.S.C. § 1962(c))

20. Defendants participated in an enterprise through a pattern of racketeering activity, including drug distribution, witness retaliation, and obstruction.

21. Plaintiff suffered physical, emotional, and financial injury.

Damages: $750,000 (subject to trebling to $2,250,000).

---

Claim 2: Battery (Oregon Common Law)

22. Defendant Jane Doe intentionally drugged Plaintiff, causing harmful physical contact.

23. Defendant John Doe committed sexual battery during Plaintiff's incapacitation.

Damages: $250,000.

---

Claim 3: Intentional Infliction of Emotional Distress (IIED)

24. CCC staff's conduct was extreme, outrageous, and intended to cause emotional distress.

25. Plaintiff has suffered trauma, anxiety, sleep disturbance, and ongoing psychological harm.

Damages: $250,000.

---

Claim 4: Negligence (Oregon Tort Law)

26. CCC owed Plaintiff a duty of care as a participant in its housing program.

27. CCC breached that duty by hiring and retaining dangerous employees and failing to investigate Plaintiff's grievance.

Damages: $200,000.

---

Claim 5: Retaliation in Violation of 42 U.S.C. § 1983

28. Plaintiff engaged in protected activity by filing grievances.

29. CCC retaliated with eviction, threats, and denial of services.

Damages: $250,000.

---

Claim 6: Violation of Due Process (42 U.S.C. § 1983)

30. CCC took adverse actions without process, opportunity to respond, or any legitimate investigation.

Damages: $150,000.

---

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant:

A. Compensatory damages totaling $2,500,000

B. Treble damages under RICO where permitted

C. Punitive damages against individual Defendants

D. Prejudgment and postjudgment interest

E. Costs and attorney fees

F. All other relief the Court deems just and proper

---

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

---

## VIII. VERIFICATION

I, Antoine Grisson, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this  day of July, 2025.

Respectfully submitted,

/s/ Antoine Grisson

Antoine Grisson (Pro Se)

222 SW Pine St #502

Portland, OR 97209

Phone: (971) 331-0320

Email: antoinegrisson0@gmail.com

---